IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SOL NACIENTE S.A.

   Plaintiff

   v.

ELIO MENDEZ MANCEBO ET AL

   Defendants

**Civil No. 10-1295 (SEC)**

**OPINION AND ORDER**

Pending before this Court is Defendants' motion to dismiss (Docket # 6), and Plaintiff's opposition thereto (Docket # 9). After reviewing the filings, and the applicable law, Defendant's Motion to Dismiss is **DENIED**.

**Factual Background**

On April 8, 2010, Plaintiff filed the present suit under diversity jurisdiction for breach of contract, collection of monies and damages. Docket # 1. Pursuant to the complaint, Plaintiff, a foreign corporation, sells produce (fruits and vegetables) in Puerto Rico through Defendants, who in turn sell the goods at the Plaza del Mercado in Rio Piedras. Upon receipt of Defendants' orders, Plaintiff shipped the desired products to Puerto Rico from the Dominican Republic, and thereafter sent the invoices to Defendants for the goods purchased. After seventeen shipments, Defendants accumulated a debt of $85,000. As a result of Defendants' failure to pay the amounts owed, on July 30, 2009, the parties signed a payment plan, whereupon Defendants would pay $5,000 monthly as partial payments towards the principal debt of $85,000. In light of the aforementioned agreement, Plaintiff sent six additional orders to Defendants. However, Defendants have failed to pay the amounts owed pursuant to the July 30, 2009 agreement. As of this date, Defendants owe Plaintiff $121,644.75, plus interest and costs from December 2009.

**CIVIL NO. 10-1295 (SEC)** 2

On June 4, 2010, Defendants moved for dismissal arguing that Plaintiff failed to state a claim upon which relief can be granted. According to Defendants, Plaintiff does not set forth factual allegations as to their causes of action, to wit, breach of contract, collection of monies, and damages. Defendants aver that as a result, the complaint fails to comply with the Supreme Court's holding in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964 (2007). In opposition, Plaintiff contends that the complaint clearly shows the existence of a contract, the breach of that contract and the resulting damages.

**Standard of Review**

*Fed. R. Civ. P. 12(b)(6)*

To survive a Rule 12(b)(6) motion, Plaintiffs' "well-pleaded facts must possess enough heft to show that [they are] entitled to relief." <u>Clark v. Boscher,</u> 514 F. 3d 107, 112 (1st Cir. 2008).[1] In evaluating whether Plaintiffs are entitled to relief, the court must accept as true all of their "well-pleaded facts [and indulge] all reasonable inferences therefrom" in the plaintiff's favor. <u>Twombly</u>, 127 S. Ct. at 1964. The First Circuit has held that "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." <u>Gagliardi v. Sullivan</u>, 513 F. 3d 301, 305(1st Cir. 2008). Courts "may augment the facts in the complaint by reference to documents annexed to the complaint or fairly incorporated into it, and matters susceptible to judicial notice." <u>Id.</u> at 305-306. However, in judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution,

---

[1] FED. R. CIV. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to allow the defendant fair notice of what the claim is and the grounds upon which it rests. <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964 (2007).

**CIVIL NO. 10-1295 (SEC)**  3

and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle v. Berkshire Life Ins., 142 F.3d 507, 508 (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996)); Buck v. American Airlines, Inc., 476 F. 3d 29, 33 (1st Cir. 2007); see also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Thus Plaintiffs must rely in more than unsupported conclusions or interpretations of law, as these will be rejected. Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)).

Therefore, "even under the liberal pleading standards of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortíz v. Margo Caribe, Inc., 490 F.3d 92 (1st Cir. 2007) (citing Twombly, 127 S. Ct. at 1965). Although complaints do not need detailed factual allegations, the "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Twombly, 127 S. Ct. At 1965; see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A plaintiff's obligation to "provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. At 1965. That is, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true." Parker v. Hurley, 514 F. 3d 87, 95 (1st Cir. 2008). The Court "may augment the facts in the complaint by reference to documents annexed to the complaint or fairly incorporated into it, and matters susceptible to judicial notice." Gagliardi v. Sullivan, 513 F. 3d 301, 305-06 (1st Cir. 2008).

In sum, when passing on a motion to dismiss the court must follow two principles: (1) legal conclusions masquerading as factual allegations are not entitled to the presumption of truth; and (2) plausibility analysis is a context-specific task that requires courts to use their

**CIVIL NO. 10-1295 (SEC)**                                                                                             4

judicial experience and common sense. First Med. Health Plan, Inc. v. CaremarkPCS Caribbean, Inc., 681 F. Supp. 2d 111, 113-114 (D.P.R. 2010) (citing Iqbal, 129 S. Ct. at 1950). In applying these principles, courts may first separate out merely conclusory pleadings, and then focus upon the remaining well-pleaded factual allegations to determine if they plausibly give rise to an entitlement to relief. Id. (Citing Iqbal, 129 S. Ct. at 1950).

**Applicable Law and Analysis**

To examine whether a claim for breach of contract exists, courts must first determine the controlling law. A.M. Capen's Co. v. American Trading & Prod. Corp., 74 F.3d 317, 319 (1st Cir. 1996). In diversity jurisdiction cases, federal courts must apply the substantive law of the forum where the action is filed. Hanna v. Plumer, 380 U.S. 460, 471 (1965); Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). Furthermore, "[a] federal court sitting in a diversity case must apply the choice of law rules of the forum state." New Ponce Shopping Ctr v. Integrand Assurance Co., 86 F.3d 265, 267 (1st Cir. 1996) (citing Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496-98 (1941)). Thus the law of Puerto Rico, the forum in this case, controls here.

This district has held that "[t]o properly assert a claim for breach of contract, a party must sufficiently allege (1) a valid contract, (2) breach of that contract, and (3) resulting damages." First Medical Health Plan, Inc. v. Carmark PCS Caribbean, Inc., 681 F. Supp. 2d 111, 116 (D.P.R. 2010). "Under Puerto Rico law, a contract has three elements: consent, a definitive (and legal) object, and consideration." Citibank Global Markets, Inc. v. Rodriguez-Santana, 573 F.3d 17, 25 (1st Cir. 2009).

Upon reviewing the complaint, deeming as true all well-pleaded facts, and drawing all reasonable inferences in Plaintiff's favor, this Court finds that the above mentioned requisites are met in this case. Plaintiff clearly shows that an agreement for the sale of their produce through Defendants was in place, and that despite the fact that Plaintiff delivered the desired

**CIVIL NO. 10-1295 (SEC)**                                                                 5

products to Defendants, they did not pay for the delivered goods. The purchase and sale agreement between the parties is further evidenced by the fact that Defendant signed the payment plan agreement to satisfy the amounts owed to Plaintiff. Moreover, as Plaintiff correctly, points out, Article 1501 of the Puerto Rico Civil Code provides for interest from the time the thing is delivered until the payment of the price should the thing sold produce income. P.R. Laws Ann. tit. 31, § 3872. Lastly, this Court finds that albeit Plaintiff has suffered monetary damages as a result of Defendants' actions, the amounts sought in the complaint must be properly supported by the evidence at summary judgment stage or trial. Thus Defendants' assertions on this front lack merit.

**Conclusion**

Based on the foregoing, Defendants' motion to dismiss is **DENIED**.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 16th day of July, 2010.

*S/Salvador E. Casellas*
Salvador E. Casellas
U.S. District Judge